Amy L. B. Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM BAILEY, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | 1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.; |
| PROGRESSIVE MANAGEMENT SYSTEMS, | 2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ. |
| Defendant. | 3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ. |
| | JURY TRIAL DEMANDED |

## **COMPLAINT**

KIM BAILEY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PROGRESSIVE MANAGEMENT SYSTEMS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA,") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Lancaster, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C.

§1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation specializing in debt collection with its principal place of business located at 1521 West Cameron Avenue, Suite 100, West Covina, California, 91790.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

13. Beginning in February 2015 and continuing through January 2016, Defendant's representatives placed repeated harassing debt collection calls to Plaintiff's cellular telephone for a personal debt.

14. Defendant has also placed calls to Plaintiff at times for a third party named Jennifer.

15. Defendant's harassing debt collection calls derived from number 866-767-9317. The undersigned has confirmed that this number belong to Defendant.

16. Defendant's calls each began with a pre-recorded message.

17. When the calls first began in February 2015, Plaintiff told Defendant to stop calling.

18. However, Defendant ignored Plaintiff's request and continued to call her through January 2016.

19. Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassment.

20. Upon information and belief, many calls were placed to Plaintiff's cellular phone by a computer autodialer, and the use of a pre-recorded or artificial voice was often employed.

21. Defendant's telephone calls were not for "emergency purposes," as that terms is referenced in 47 U.S.C. §227(b)(1)(A).

22. Plaintiff ultimately had to download an app to her telephone to block Defendant's calls.

23. Finally, Defendant never sent anything in writing to Plaintiff setting forth her rights pursuant to the FDCPA.

PLAINTIFF'S COMPLAINT

24. Defendant's actions as described herein were made with the intent to harass, deceive and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

26. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after she informed Defendant that she wanted the calls to stop.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number..

28. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass

or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

30. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after she informed Defendant that she wanted the calls to stop.

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification

- 6 -

PLAINTIFF'S COMPLAINT

of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32. Defendant violated section 1692g(a) of the FDCPA when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

## COUNT V
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

33. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

34. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

35. Defendant repeatedly placed non-emergency calls to Plaintiff without Plaintiff's consent.

36. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

37. Here, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff using a pre-recorded or artificial voice.

38. Defendant did not have Plaintiff's express consent prior to contacting her using an automatic telephone dialing system or pre-recorded or artificial voice.

39. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

## COUNT VI
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

40. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

41. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, KIM BAILEY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

g. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KIM BAILEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 4/4/16

KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. B. Ginsburg, Esq.
    Amy L. B. Ginsburg, Esq. (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: abennecoff@creditlaw.com
    Attorney for Plaintiff

PLAINTIFF'S COMPLAINT